**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | |
|---|---|
| **GARLAND WAYNE BALLENTINE III,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Civil No. 7:11-CV-101-O-BL |
| **RICK THALER, Director,** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Garland Wayne Ballentine III, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed on limitations grounds.

**I.**

Ballentine was convicted of aggravated assault on 11 March 2009. He did not file a direct appeal, and waited until 9 March 2011 to file his state application for habeas relief. Thereafter, Ballentine filed the instant petition on 18 July 2011.

**II.**

In his petition, Ballentine contends that: (1) a conflict of interest existed between his defense attorney and the state prosecutor; (2) the trial court failed to allow him to withdraw his guilty plea; (3) the indictment was defective; (4) he was unlawfully arrested and brutalized by police officers; and (5) he has been denied access to certain relevant reports that were compiled by the police during their investigation.

By order dated 26 August 2011, the court *sua sponte* questioned whether this case was subject to dismissal on limitations grounds. Petitioner addressed the limitations issue in his reply reply filed on 9 September 2011. The court now determines that this case is time-barred and should be summarily dismissed.

A.

A federal petition for writ of habeas corpus is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, Section 2254 proceedings are governed by a one year statute of limitations. *See* 28 U.S.C. § 2244(d). The statue provides that the limitations period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*. The one-year limitations period is only subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

B.

The record does not indicate that any unconstitutional "State action" prevented Ballentine from filing for federal habeas corpus relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Ballentine's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Ballentine has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his placement on community supervision became final. *See* 28 U.S.C. § 2244(d)(1)(D). Consequently, Ballentine's limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).

Ballentine was convicted of aggravated assault on 11 March 2009 and did not appeal, making his conviction final on 10 April 2009, when his right to direct review expired. Accordingly, the one year limitation period for filing a federal petition expired on 12 April 2010.[1] Ballentine's state writ application does not toll the limitations period because he filed it after his conviction was final. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect). Thus, Ballentine's federal writ application is over a year late.

Finally, Ballentine has not alleged any facts that could support a finding that equitable tolling applies. Generally, to establish entitlement to equitable tolling a petitioner bears the burden of

---

[1] The 365th day, 10 April 2010, was a Saturday, so his petition became due on Monday, 12 April 2010. *See* FED.R.CIV.P. 6(a).

establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2009). Ballentine has not demonstrated that he was diligent or that any extraordinary circumstance prevented him from timely filing. In his reply, Ballentine argues that his ignorance of the law and ineffective assistance of counsel are to blame for his untimely filing. However, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing," and "[i]neffective assistance of counsel is irrelevant to the tolling decision." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Consequently, Ballentine is not entitled to equitable tolling.

## **RECOMMENDATION**

It plainly appears from the face of the petition and the record of prior proceedings that this case is barred by limitations. Accordingly, Ballentine's petition for writ of habeas corpus should be summarily dismissed. *See* Rule 4, Rules Governing Section 2254 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

Dated: 14 June 2012.

                                                            **E. SCOTT FROST**
                                                            **UNITED STATES MAGISTRATE JUDGE**