IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| GARLAND WAYNE BALLENTINE, III, ) | |
| TDCJ No. 01567826, ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | Civil No. 7:11-CV-101-O-BL |
| ) | |
| RICK THALER, Director, ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|       Respondent. ) | |

ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files and records in this case, of the Report and Recommendation of the United States Magistrate Judge, and of Petitioner's objections thereto, I am of the opinion that the findings of fact, conclusions of law, and reasons for dismissal set forth in the Report and Recommendation of the Magistrate Judge are correct and they are hereby adopted and incorporated by reference as the Findings of the Court with regard to Petitioner's habeas claims.

In his fourth ground for relief, Petitioner presents claims cognizable in a civil rights action filed under 42 U.S.C. § 1983. With regard to those claims, the Court finds and orders as follows:

Petitioner alleges that he was the victim of false arrest and police brutality during his arrest. Petition p. 7. Specifically, Petitioner alleges that he was arrested for public intoxication without a field sobriety test being conducted, that officers used a taser on him after he was handcuffed, that he was questioned by officers while on drugs and "out of [his] mind," and that he was handcuffed to a bench for 15 hours with handcuffs so tight that it resulted in swelling of his wrists and a staph

infection. *Id.* Petitioner further claims that a videotape of the arrest was played at his trial which was prejudicial to the jury. *Id.*

No statute of limitations is set forth under 42 U.S.C. § 1983. However, the United States Supreme Court has held that the statute of limitations for a civil rights action is to be determined by reference to the prescriptive period for personal injury actions in the forum state. *Hardin v. Straub*, 490 U.S. 536 (1989); *Owens v. Okure*, 488 U.S. 235 (1989). In Texas, the prescriptive period for such claims is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2009). Petitioner does not state the date of his arrest. However, the arrest took place prior to his criminal conviction, which occurred on March 11, 2009. Petition p. 2. The instant petition was signed on June 30, 2011, over two years after his conviction. Therefore, Petitioner's civil rights claims relating to his arrest are time-barred.[1]

For the foregoing reasons, the petition for writ of habeas corpus and Petitioner's civil rights claims are DISMISSED as time-barred.

For statistical purposes, the Clerk of Court shall open and close a prisoner civil rights action.

SO ORDERED this 3rd day of July, 2012.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Slack*, 7 F.3d at 419 (quoting *Gartrell*, 981 F.2d at 257).